UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 3:12-cv-00199-RLY-WGH |
| EVANSVILLE HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

**I.   Introduction**

Plaintiff, Sandra Boyd, brought this action against Defendant, Evansville Housing Authority, for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  Plaintiff alleges that Defendant terminated her employment because she is an African American.  This matter now comes before the court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court **DENIES** Defendant's motion.

**II.   Motion to Dismiss Standard**

Rule 12(b)(6) authorizes the dismissal of cases for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In order to survive a 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Seventh Circuit reasoned, "'Plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "To withstand a Rule 12(b)(6) challenge after *Iqbal* and *Twombly*, 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not *did* they happen.'" *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (emphasis original) (quoting *Swanson*, 614 F.3d at 404-05).

Importantly, the heightened pleading standards derived from *Iqbal* and *Twombly* have not eliminated the traditional Rule 8 pleading standard, which merely requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather, the Supreme Court elucidated that *Iqbal* and *Twombly* merely function to interpret Rule 8 and should direct courts to give careful attention to several key questions: "what, exactly, does it take to give the opposing party 'fair notice'; how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim; and in what way is the pleader expected to signal the type of litigation that is being put before the court?" *Swanson*, 614 F.3d at 403-04. *See also Iqbal*, 556 U.S. at 677; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Twombly*, 550 U.S. at 570. The Seventh Circuit explained that courts should take

caution before dismissing "straightforward cases" simply because the complaints filed therein fail to adhere to the *Iqbal* and *Twombly* pleading standards:

> The Supreme Court's explicit decision to reaffirm the validity of *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L. Ed. 2d 1 (2002), which was cited with approval in *Twombly*, 550 U.S. at 556, indicates that in many straightforward cases, it will not be any more difficult today for a plaintiff to meet that [Rule 8] burden than it was before the Court's recent decisions.  A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. *That is an entirely plausible scenario*, whether or not it describes what "really" went on in this plaintiff's case.  A more complex case involving financial derivatives, or tax fraud that the parties tried hard to conceal, or antitrust violations, will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected.

*Id.* at 404-05 (emphasis added).

In determining the sufficiency of the complaint, the court assumes well-pleaded factual allegations to be true and draws all reasonable inferences in the light most favorable to the plaintiff.  *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)).  The Seventh Circuit clarified, "[A]lthough the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.  Accordingly, '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.'"  *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (internal citations omitted) (quoting *Iqbal*, 556 U.S. at 679).

3

**III.     Discussion**

In this case, Plaintiff has asserted a Title VII race discrimination claim. Plaintiff alleges the following facts in her Complaint, all of which are accepted as true for the purpose of ruling on Defendant's motion to dismiss: Plaintiff began her employment as a management clerk with Defendant in March 2003. (*Id.* ¶ 7). Plaintiff was promoted to the position of manager in March 2005. (*Id.* ¶ 8). At the time of her promotion, she was made aware of a letter that Marquis Terry, another employee of Defendant, had written to the then-Executive Director. (*Id.* ¶ 9). The letter stated that a man should hold the position of manager. (*Id.* ¶ 9).

In March 2012, the new Executive Director, Rick Moore, called for a meeting with Plaintiff. (*Id.* ¶ 11). At that meeting, Plaintiff was informed that two employees (who are white) had submitted complaints regarding Plaintiff's job performance. (*Id.* ¶ 11). That same day, Plaintiff was informed of her immediate suspension. (*Id.* ¶ 12). Also, in March 2012, Plaintiff attended a Pre-Termination Hearing with Moore, and was terminated shortly thereafter. (*Id.* ¶ 13). Terry assumed the position of manager following Plaintiff's termination. (*Id.* ¶ 14).

Plaintiff's termination was contrary to Defendant's Disciplinary Policy, which is contained in Defendant's Personnel Manual. (*Id.* ¶ 16-17). The Disciplinary Policy calls for verbal reprimands and at least two written reprimands prior to the suspension or termination of an employee. (*Id.* ¶ 16). Prior to the March 2012 meeting and hearing, Plaintiff had not received any reprimands regarding her job performance. (*Id.* ¶ 17). After Plaintiff filed her race discrimination claim with the Equal Employment

4

Opportunity Commission ("EEOC"), Defendant hired an African American female to replace Terry and assume the manager position. (*Id.* ¶ 18).

*Swanson* is also a race discrimination case. In that case, the plaintiff alleged that she was denied a home-equity loan by the defendant because she was an African American. 614 F.3d at 403. After initially granting the plaintiff a conditional approval of the loan, the defendant hired a third-party appraiser to examine the plaintiff's home. The appraiser determined that the home was worth $170,000, substantially less than the $270,000 value the plaintiff had reported on her loan application. *Id.* After learning of the discrepancy, the defendant denied the plaintiff's request for a loan. Approximately two months later, the plaintiff acquired an independent appraisal of her home, and that appraisal showed that the home was worth $240,000. *Id.* The race discrimination claim against the defendant followed. The district court dismissed the claim after finding that the plaintiff had pleaded no facts showing that race discrimination had occurred. *Id.* The only fact related to race (not necessarily race discrimination) in the complaint was that that the employee who processed the plaintiff's loan application asked the plaintiff for her race and subsequently stated that his wife and son were part African American. *Id.* at 402. Despite the lack of facts to support her claim, the Seventh Circuit reversed the district court's dismissal:

> Swanson's complaint identifies the type of discrimination that she thinks occur[ed] (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint.

5

*Swanson*, 614 F.3d at 405 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002); *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723-24 (6th Cir. 2010); *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 715 (9th Cir. 2009)). "[B]ecause Swanson's claim of housing discrimination was uncomplicated, Swanson's pleading burden under *Twombly* and *Iqbal* was satisfied." *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011).

The court's analysis for this case is largely the same as the Seventh Circuit's in *Swanson*. Similar to the plaintiff in *Swanson*, Plaintiff has brought an uncomplicated claim for race discrimination and included a contentious number of facts in her complaint. Thus, paraphrasing the *Swanson* Court is appropriate: "[Plaintiff]'s complaint identifies the type of discrimination that she thinks occur[ed] (racial), by whom ([Defendant], through [Moore]), and when (in connection with her [termination in March 2012]). This is all that she needed to put in the complaint." 614 F.3d at 405.

Defendant argues that (1) Plaintiff's complaint relies too much on the allegation that the Disciplinary Policy in the Personnel Manual was not followed and (2) that, even if true, such a departure from company policy does not equate to race discrimination. (Reply at 2). However, in *Swanson*, the Court explicitly rejected a similar argument:

> The fact that Swanson included other, largely extraneous facts in her complaint does not undermine the soundness of her pleading. . . . She has not pleaded herself out of court by mentioning these facts; whether they are particularly helpful for proving her case or not is another matter that can safely be put off for another day.

614 F.3d at 405-06. The Seventh Circuit's holding in *Swanson* makes it clear that Plaintiff has sufficiently stated a claim upon which relief can be granted.

6

Importantly though, surviving a 12(b)(6) motion does not necessarily indicate that Plaintiff's case will succeed on its merits.  Demonstrating that she is an African American and that she was terminated after two white co-workers filed complaints about her job performance, while enough at the pleading stage, may not be sufficient to survive a motion for summary judgment.  However, again paraphrasing the *Swanson* Court, "All [the court] hold[s] now is that she is entitled to take the next step in this litigation." *Id.* at 407.

IV.  **Conclusion**

For the foregoing reasons, the court finds that dismissal under Federal Rule of Civil Procedure 12(b)(6) is not proper.  Therefore Defendant's Motion to Dismiss (Docket # 8) is **DENIED**.

**SO ORDERED** this 24th day October  2013.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.